**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

BREANNA LITKA, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

PERUZZI BUICK GMC, INC.; and PERUZZI OF LANGHORNE, LLC d/b/a PERUZZI MITSUBISHI,

*Defendant*.
__________________________________________/

**CLASS ACTION**

**Case No. 2:25-cv-06051-NIQA**

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

1. Plaintiff, Breanna Litka ("Plaintiff"), brings this action against Defendants Peruzzi Buick GMC, Inc. ("PBG"), and Peruzzi of Langhorne, LLC d/b/a Peruzzi Mitsubishi ("PM") (collectively, PBG and PM are "Defendants") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Defendant PBG is an automobile dealership based in Pennsylvania that provides vehicles and automotive services to consumers.

4. Defendant PM is an automobile dealership based in Pennsylvania that provides vehicles and automotive services to consumers.

5. Defendants all share common ownership by Fred Peruzzi, as well as common corporate officers, namely Fred Peruzzi.

6. To promote their services, Defendants engage in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendants utilize aggressive marketing to push their products and services without regards to consumers' rights under the TCPA.

7. Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

9. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendants are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendants provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendants' tortious conduct against Plaintiff occurred within the Eastern District of Pennsylvania and, on information and belief, Defendants have sent the same text messages complained of by Plaintiff to other individuals

within this judicial district, such that some of Defendants' acts in making such calls have occurred within this district, subjecting Defendants to jurisdiction in the Eastern District of Pennsylvania.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Bucks County, Pennsylvania.

11. Plaintiff is, and at all times relevant hereto was, an individual and the sole suscriber of the residential telephone number ending in 8555 (the "8555 Number") that received Defendants' telephonic sales calls.

12. Defendant PBG is a Pennsylvania corporation whose principal address is located at 156 Lincoln Hwy, Fairless Hills, PA 19030.

13. Defendant PM is a Pennsylvania corporation doing business under the fictitious name of Peruzzi Mitsubishi whose principal address is located at 130 Lincoln Ave, Fairness Hills, PA 19030.

14. Defendants direct, market, and provide their business activities throughout the State of Pennsylvania.

15. Unless otherwise indicated, the use of the Defendants' names in this Complaint include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendants.

## FACTS

16. Beginning at least in June, 2025 through at least July, 2025, Defendants sent or caused to be sent multiple telemarketing text messages to Plaintiff's 8555 Number (as shown below):







17. Plaintiff alleges that two of these text messages were sent by Defendant PBG, and the remainder were sent by Defendant PM.

18. Defendants maintains a database of all potential customer leads that is shared among all of Peruzzi dealerships, including Defendants PBG and PM.

19. Defendants' text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

20. Defendants' text messages constitute telemarketing because they encouraged the future purchase or investment in Defendants' property, goods, or services, i.e., Defendants' automobile sales.

21. The information contained in the text message advertises Defendants' various promotions, which Defendants send to promote their business.

22. Plaintiff received the subject texts within this judicial district and, therefore, Defendants' violations of the TCPA occurred within this district. Upon information and belief, Defendants caused other text messages to be sent to individuals residing within this judicial district.

23. Defendants' texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

24. At no point in time did Plaintiff provide Defendants with her express written consent to be contacted.

25. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendants, by name, to contact Plaintiff's residential cellular telephone with marketing text messages.

26. Plaintiff has no existing business relationship with Defendants.

27. Plaintiff is the subscriber and sole user of the 8555 Number and is financially responsible for phone service to the 8555 Number.

28. Plaintiff's 8555 Number is her residential telephone number used for personal purposes. Plaintiff's 8555 Number is her primary way of being contacted in her home.

29. Plaintiff registered her 8555 Number with the national do-not-call registry on February 16, 2014, and has been registered at all times relevant to this action.

30. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

31. The text messages originated from at least telephone numbers (215) 703-9703 and (215) 515-6236, numbers which upon information and belief are owned and operated by Defendants or on behalf of Defendants.

32. On information and belief, Defendants sough a financial benefit from the telemarketing text messages they placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

33. Defendants' unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendants' text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

35. Plaintiff brings this case on behalf of a Class defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on**

**the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants claim (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendants claim it supposedly obtained prior express written consent to call the Plaintiff.**

36. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

37. Upon information and belief, Defendants have placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**COMMON QUESTIONS OF LAW AND FACT**

39. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendants violated 47 C.F.R. § 64.1200(c);

b) Whether Defendants' conduct was knowing and willful;

c) Whether Defendants violated the privacy rights of Plaintiff and members of the class;

d) Whether Defendants are liable for damages, and the amount of such damages; and

e) Whether Defendants should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmit text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

43. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For

example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

45. Plaintiff repeats and realleges the paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

48. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

49. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003), available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendants' actions, set out above, violate the TCPA;

d) An injunction requiring Defendants to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 16, 2026

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: */s/ Matthew R. Snyder*
Todd M. Friedman (SBN 310961)
tfriedman@toddflaw.com
Matthew R. Snyder (SBN 335111)
msnyder@toddflaw.com
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Tel: 323-306-4234

**SHAMIS & GENTILE, P.A.**
Kayla N. Kershen, Esq. (*pro hac vice forthcoming*)
kkershen@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on March 16, 2026, the within **Joint Stipulation** was filed via the Court's Electronic Filing System and served upon counsel for all parties via the same.

*/s/ Matthew R. Snyder*